IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL McNEAL,                          *
        Plaintiff

                                         *

v.                                            CIVIL ACTION NO. JKB-13-923

                                         *

HONORABLE TIMOTHY R. DOORY,              *
        Defendant

                                  ******

## MEMORANDUM

Plaintiff brings this self- represented action against Circuit Court for Baltimore City Judge

Timothy R. Doory.  ECF No. 1.  Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis

(ECF No. 2) which shall be granted.   Upon review of the complaint, the court concludes that it shall

be dismissed under the provisions of 28 U.S.C. § 1915(e).  *See Neitzke v. Williams*, 490 U.S. 319

(1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th

Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

The defense of absolute immunity extends to "officials whose special functions or

constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800,

807 (1982).  Judges, whether presiding at the state or federal level, are clearly among those officials

who are entitled to such immunity.  *Stump v. Sparkman*, 435 U.S. 349 (1978).  Because it is a

benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their

functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554

(1967), absolute immunity is necessary so that judges can perform their functions without

harassment or intimidation.  "Although unfairness and injustice to a litigant may result on occasion,

1

'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether at the time the challenged action was taken the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

A review of plaintiff's allegations against Judge Doory does not compel the conclusion that the judge acted in clear absence of jurisdiction. Rather, plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, this self-represented litigant has turned to this forum to assert allegations of unconstitutional acts against a state court judge. Because judicial immunity precludes plaintiff's recovery against Judge Doory, sua sponte dismissal of plaintiff's claims against the judge is appropriate.

A separate Order shall be entered reflecting the ruling set forth herein.

April 4, 2013
Date

James K. Bredar
United States District Judge